UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
DESIREE PEARCE,                             )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Civil Action No. 04 11409 NG
                                            )
THE DUCHESNEAU GROUP, INC.,                 )
DAVID MICHAEL DUCHESNEAU,                   )
and BRANT P. MCGETTRICK,                    )
                                            )
            Defendants.                     )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

## I.  INTRODUCTION

The Plaintiff, Desiree Pearce, hereby opposes the Defendants' Motion to Dismiss
Plaintiff's Complaint.[1]  The Defendants' motion should be denied as the Plaintiff's complaint sets
forth valid and well-pleaded claims for relief.

## II.  THE FACTS

The facts presented to this Court for the purposes of this opposition are taken from the
Plaintiff's Complaint.  Ms. Pearce is a woman in her fifties with very limited investment
experience.  (¶¶ 7, 8.)[2]  In or about February 2000, Ms. Pearce was referred to the Duchesneau
Group, Inc. (the "Company") to explore the possibility of retaining the Company and its
employees as investment advisors to professionally manage her retirement funds.  (¶ 5.)
Initially, Ms. Pearce's main contact at the Company was Defendant Brant P. McGettrick

---

[1]    The Defendants seek dismissal of all counts of the Complaint except for Count IV, stating violations of
Chapter 93A of the Massachusetts General Laws.

[2]    Paragraph references are to the Plaintiff's Complaint.

("McGettrick").  (¶ 6.)  David M. Duchesneau ("Duchesneau") was the President of the Company and McGettrick's supervisor.  (¶ 3).  McGettrick actively solicited Ms. Pearce's business and encouraged her to transfer her retirement funds to the Company's control.  (¶¶ 10-13.) McGettrick told Ms. Pearce that he and the Company had the expertise and experience as investment advisors necessary to choose appropriate investments for Ms. Pearce and to provide constant monitoring of her investments to ensure the security of her retirement funds.  (¶¶ 6, 10.) In fact, just a few days after Ms. Pearce's initial conversation with McGettrick, he called Ms. Pearce with suggested investments in two managed accounts, which he said were consistent with her conservative investment objectives.  (¶¶ 11, 12.)  Based on McGettrick's statements about his and the Company's expertise, his statements of successes for other customers, and his assurances that he and the Company would provide proper investments and constant monitoring of her funds, Ms. Pearce transferred her SEP IRA funds to the Defendants in the amount of $321,580.77 for investment in the managed accounts chosen by McGettrick.  (¶ 13.)

Unknown to Ms. Pearce, the Defendant made a number of material misrepresentations and omissions in connection with the opening of Ms. Pearce's account with the Defendants, the transfer of her funds to their control, and the purchase of the two managed accounts.  The Defendants misrepresented that the managed accounts were suitable for her given her stated conservative investment objectives.  (¶ 19.)  Indeed, the Defendants failed to collect the necessary documentation and information from and about Ms. Pearce to make a suitability determination and thus provide her with the appropriate advice in financial and investment matters that they agreed to provide.  (¶ 28.)  The Defendants also misrepresented the level of monitoring that they would provide for Ms. Pearce's funds, and the involvement they would have in the investment decisions for those funds.  (¶¶ 10, 18, 24, 26.)  The Defendants further

2

misrepresented their level of expertise in investing and picking investments for customers. (¶ 23.) Moreover, throughout the life of the account, the Defendants repeatedly reiterated to Ms. Pearce that her funds were properly invested and that they were monitoring the investments at all times. (¶ 24, 27.)

The Defendants, however, did not provide the services they had contractually agreed to provide to Ms. Pearce and for which they were compensated. The Defendants failed to select investments that were suitable for Ms. Pearce in light of her conservative investments, instead investing her retirement funds entirely in two managed accounts that were primarily comprised of risky and volatile "small-cap" and technology stocks. (¶ 19.) Moreover, even though the Defendants represented to Ms. Pearce that they would be providing their expertise and experience in choosing her investments, the Defendants were not actually involved in the selection process at all, instead relying solely on determinations by the independent managers of the managed accounts, who were not concerned with Ms. Pearce's individual needs. (¶ 18.) The Defendants further failed to monitor the accounts as they had promised to do. (¶ 22.) Indeed, during a June 2001 telephone call with Defendant David Duchesneau ("Duchesneau"), Ms. Pearce was informed for the first time that the person responsible for monitoring her account, McGettrick, was not even employed by the Company any longer. (¶26.)

The Defendants' actions and inaction resulted in severe losses for Ms. Pearce. Instead of being invested in the conservative manner that Ms. Pearce wanted and needed, Ms. Pearce's entire retirement account was invested in risky and volatile stocks that were not suitable. (¶ 19.) These investments exposed Ms. Pearce to unnecessary levels of risk, which ultimately resulted in huge losses for Ms. Pearce. (¶ 21.)

### III.    ARGUMENT

**A.    The Defendants Cannot Carry The Substantial Burden Necessary to Secure A Dismissal Of The Complaint At This Stage**

For the purposes of a motion to dismiss, all well-pleaded allegations are accepted as true, and the plaintiff is given the benefit of all reasonable inferences.  *See Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999); *Monahan v. Dorchester Counseling Ctr.*, 961 F.2d 987, 988 (1st Cir. 1992).  "Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery."  *Cooperman*, 171 F.3d at 46 (citing *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989)).  "The Federal Rules of Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993).  The Court may grant dismissal "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'"  *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court is required to look only to the allegations contained in the complaint and if, under any theory, they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir. 1987).

For the reasons set forth below, the Defendants have failed to meet their substantial burden to show that the allegations in the Complaint do not state a claim.  Therefore, the Plaintiff respectfully requests that the Defendant's motion be dismissed in its entirety.

**B.    Motions For A More Definite Statement Are Disfavored**

Motions for a more definite statement are not favored in Federal Court given the expansive pretrial procedures that provide a defendant with ample information about a plaintiff's claims.  *Shore v. Cornell-Dubilier Elec. Corp.*, 33 F.R.D. 5, 7 (D. Mass. 1963); *Cox v. Maine*

*Maritime Academy*, 122 F.R.D. 115, 116 (D. Me. 1988). Motions for a more definite statement are also disfavored because "such motions tend to frustrate the concept of notice pleading, which is designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Latch String, Inc. v. Rouse Co.*, No. 76-1502, 1977 U.S. Dist. LEXIS 18086, *4-5 (D.D.C. Jan. 4, 1977) (citing *United States v. Georgia Power Co.*, 301 F. Supp. 538, 543-44 (N.D. Ga. 1969). Typically, motions for a more definite statement are not granted based on lack of detail in a complaint, but instead are aimed to clear up unintelligibility in a complaint. *Cox*, 122 F.R.D. at 116. Therefore, a defendant is entitled to a more definite statement only if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *see also Cox* 122 F.R.D at 116 ("a rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet").

### C.    The Plaintiff Has Adequately Stated A Claim For Breach Of Contract

In order to state a claim for breach of contract a plaintiff must allege "that there was a valid contract, that the defendant breached its duties under that contractual agreement, and that the breach caused the plaintiff damage." *Sivieri v. Commonwealth*, 16 Mass. L. Rep. 531, 2003 Mass. Super. LEXIS 201, *17 (2003) (quoting *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 316 (D. Mass 1997)). The Complaint more than adequately sets forth these elements.

As cited by the Defendants in their motion, the Complaint alleges a valid contract between Ms. Pearce and the Defendants. The Complaint sets forth that the Defendants offered to provide financial and advisory services to Ms. Pearce if she transferred her assets to their control. (¶ 6.) Ms. Pearce accepted that offer and opened an account with the Defendants, transferring funds to the Defendants of $321,580.77. (¶ 13.)

Although a specific allegation concerning consideration for a contract need not be made to state a valid claim for breach, the allegations in the Complaint do in fact establish adequate consideration for the Defendants' contract; in exchange for a fee paid by Ms. Pearce, the Defendants agreed to provide Ms. Pearce with their advice and expertise as to how to best invest her retirement funds.  (¶ 13.)  *Kurker v. Malloy*, No. 93-0048-D, 1994 Mass. Super. LEXIS 188 at *4 (June 27, 1994) ("The requirement of consideration is satisfied if there is either a benefit to the promisor or a detriment to the promisee.").  The Complaint also provides significant detail regarding other terms of the contract, including the fact that the Defendants were to provide Ms. Pearce with competent services and advice on a continuous basis (¶ 13); that in order to provide these services and advice, the Defendants were to gather all documents and other relevant information regarding Ms. Pearce and her investments (¶ 13); that the Defendants were to follow Ms. Pearce's instructions (¶ 13); and that the Defendants were to ensure the legal and appropriate handling and supervision of Ms. Pearce's assets and accounts (¶ 13).

The Complaint further alleges a breach by the Defendants of their contractual duties by, among other things, failing to gather the necessary documents and information needed to properly advise Ms. Pearce with respect to suitable investments for her retirement funds (¶ 28); failing to provide adequate advice to Ms. Pearce with respect to appropriate investments for her retirement funds (¶ 19); failing to provide the continuing advice and input into Ms. Pearce's investments (¶ 18); and failing to monitor Ms. Pearce's investments after their initial purchase (¶ 22).  Finally, the Complaint sets forth the damages Ms. Pearce suffered as a result of the Defendants' breach of contract.  Indeed, by the time Ms. Pearce realized the breach and closed her account with the Defendants she had lost the vast majority of her retirement funds.  (¶¶ 30, 34.)

The Plaintiff is required to do no more at this stage. "Plaintiffs are only obliged to set forth in their compliant 'factual allegations either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 27 (D. Mass. 2000) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Moreover, the Plaintiff is not required to set out detailed facts. *Id.* at 27 (*quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)). Similarly, Federal Rule of Civil Procedure 8(a) limits a complaint to a "short and plain statement of the claim showing that the pleader is entitled to relief."

Given clear precedent and the mandate of Rule 8(a), the Defendants' arguments that the breach of contract claim should be dismissed on the grounds that the Complaint does not indicate whether the contract was written or oral and allegedly does not set forth enough details regarding the Defendants' breach must fail. There is simply no requirement that a complaint must identify whether a contract is written or oral or both, or provide significant detail about the breach, in order to survive a motion to dismiss. *Raytheon Co.,* 123 F. Supp. 2d at 28 n. 2 (details regarding the terms of a contract and length of time of a contract are not necessary to put a defendant on notice).

Although the Defendants offer these arguments as reasons why the breach of contract claim should be dismissed, the case law they cite and other legal precedent make it clear that, even if the Court finds that greater detail is needed, the proper remedy is not dismissal, but instead clarification. *See Precise-Marketing Corp. v. Simpson Paper Co.,* No. 95-CV-5629, 1996 U.S. Dist. LEXIS 7337, *5 (S.D.N.Y. May 17, 1996) (denying motion to dismiss and stating "dismissal is not the proper procedure by which to compel a plaintiff to clarify his

pleading"); *Massachusetts Highway Dep't v. Walsh Constr. Co.*, 14 Mass. L. Rep. 608, 2002 Mass. Super. LEXIS 195 at *4-5 (2002) (holding that dismissal for failure to plead specific details of a claim is not appropriate). *See also Epstein v. Liberty Bank & Trust Co.*, 429 N.E.2d 352, 353 (Mass. 1981) (reversing dismissal of complaint for failure to provide great detail, suggesting that a motion for a more definite statement would be more appropriate and stating "[t]he defendant is not without means to smoke out the nature of the plaintiff's grievance.")

In this case, the Defendants have not asked the Court to order a more definite statement with respect to anything in the Complaint.  Even if the Defendants' request to dismiss the breach of contract claim can be read as a request for a more definite statement, however, that relief should be denied.  As discussed above, such requests should be granted only where the defendant is unable to frame a responsive pleading without clarification.  The Defendants have not articulated a single reason why they are unable to frame a responsive pleading to the Complaint.

The very cases cited by the Defendants make it clear that a motion for a more definite statement will be granted only where it is necessary to enable the defendants to respond.  *See Precise-Marketing*, 1996 U.S. Dist. LEXIS at *4-5 (granting motion for a more definite statement because without knowing whether the contract was written or oral the defendant was unable to plead affirmative defenses based on applicable statutes of limitations or statutes of fraud); *Latch String, Inc. v. Rouse Co.*, No. 76-1502, 1977 U.S. Dist LEXIS 18086, *6 (D.D.C. Jan. 4, 1977) (granting defendant's motion for a more definite statement, not because the complaint failed to set forth whether the alleged contract was written or oral but because of an internal inconsistency that rendered the complaint so ambiguous that it would have been impossible for the defendant to frame a responsive pleading); *see also Walsh Constr.*, 2002 Mass. Super. LEXIS 195 at *6 (court granted the defendant's motion for a more definite

statement only where the allegations of breach of contract were so bare that they simply said there was a contract and there was breach).  The Complaint sets forth the relevant terms of the contract and how the contract was breached.  These allegations are more than sufficient for the Defendants to frame their answer, and the Defendants have not claimed that they are unable to answer the Complaint as written.

     **D.**     **The Complaint States A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing**

Under Massachusetts law, a duty of good faith and fair dealing exists in every contract. *See F.D.I.C. v. LeBlanc*, 85 F.3d 815, 822 (1st Cir. 1996); *Anthony's Pier Four v. HBC Assoc.*, 583 N.E.2d 806, 820 (Mass. 1991).  Under this covenant, "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Anthony's Pier Four*, 583 N.E. 2d at 820.  In order to state a claim for a breach of the covenant of good faith and fair dealing, a complaint must set forth that there existed an enforceable contract between the parties and that the defendant did something that had "the effect of destroying or injuring the right of [the plaintiff] to receive the fruits of the contract." *Druker v. Roland Wm. Jutras Assocs.*, 348 N.E.2d 763, 765 (Mass. 1976).

As set forth above, the Complaint clearly alleges the existence of a valid contract between Ms. Pearce and the Defendants.  The Complaint also sets forth those actions by the Defendants that injured the right of Ms. Pearce to "receive the fruits of the contract," such as failing to provide Ms. Pearce with sufficient information about the nature of the investments the Defendants were recommending (¶¶ 16, 18, 19, 20); failing to monitor Ms. Pearce's investments (¶¶ 22); misrepresenting the Defendant's experience and expertise (¶ 23); and providing Ms. Pearce with inaccurate information about the status of her accounts and their continuing attention

to those accounts (¶¶ 24, 25, 27).  These allegations are more than sufficient to overcome the Defendants' motion to dismiss.

### E.  The Complaint States A Claim For Violations Of The Massachusetts Uniform Securities Act And For Control Person Liability

In order to state a claim under the Massachusetts Uniform Securities Act:

It is enough for the plaintiff to establish that (1) the defendant "offers or sells a security"; (2) in Massachusetts; (3) by making "any untrue statement of a material fact" or by omitting to state a material fact; (4) the plaintiff did not know of the untruth or omission; and (5) the defendant knew, or "in the exercise of reasonable care [would] have known of the untruth or omission.

*Marram v. Kobrick Offshore Fund, Ltd.*, 2004 Mass. LEXIS 557 at *18 (*quoting* Mass. Gen. Laws ch. 110A, § 401(a)(2)).  These elements are clearly set forth in the Complaint.[3]

A seller under section 410(a)(2) is a person "who successfully solicits the purchase [of securities] motivated at least in part by a desire to serve his own financial interests or those of the securities owner."  *Adams v. Hyannis Harborview, Inc.*, 838 F. Supp. 676, 686 (D. Mass. 1993) (quoting *Pinter v. Dahl*, 486 U.S. 622, 647 (1988)).  The Defendants clearly meet the test as sellers.  They actively solicited Ms. Pearce to invest in the managed accounts (¶¶ 11, 13) and were motivated to do so in order to obtain fees and commissions from Ms. Pearce for those purchases.  (¶ 17.)  The status of the Defendants as sellers is undeniable.

---

[3]     The Defendants argue that the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure should extend to the Plaintiff's claims for violations the Massachusetts Uniform Securities Act, including the claim for control person liability.  The First Circuit has not specifically addressed this issue but has been cautious to extend the application of Rule 9(b) beyond pure fraud claims.  *See Stein v. Smith*, 270 F. Supp. 2d 157, 167 (D. Mass. 2003) (refusing to apply Rule 9(b) particularity requirements to breach of fiduciary duty claim even though the complaint alleged misrepresentations and omissions); *City of Worcester v. HCA Management Co.*, 1994 U.S. Dist. LEXIS 4505 (D. Mass. Apr. 7, 1994) (denying motion to dismiss because negligent misrepresentation count "is not subject to the particularity requirement of Fed. R. Civ. P. 9(b)"); *Generadora de Electricidad del Caribe Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 19-20 (D.P.R. 2000) (holding that Rule 9(b) particularity requirements did not extend to claims under state law for "dolo" or deceit where the "dolo" claim did not involve the specific elements of fraud); *Giarraputo v. UnumProvident Corp.*, 2000 U.S. Dist. LEXIS 19138, *35 (D. Me. Nov. 8, 2000) (holding that because fraud is not an element under sections 11 or 12(a)(2) of the Securities Act, the heightened pleading requirements of Rule 9 will generally not apply).  Fraud is not a specific element of the Plaintiff's claims under the Massachusetts Uniform Securities Act, and therefore the Court should not apply the heightened pleading standard to the Complaint.

The Complaint establishes the second element of a claim for violation of the Massachusetts Uniform Securities Act by alleging that the Defendants are located in Massachusetts and that the sales took place in Massachusetts. (¶¶ 2-4.) The Complaint next sets forth that the Defendants made a number of untrue statements or material omissions regarding their professional experience and abilities (¶¶ 14, 23); the manner in which they would handle Ms. Pearce's retirement assets (¶¶ 9, 13, 19); and their management and oversight of Ms. Pearce's retirement assets (¶¶ 17, 18). The Complaint also alleges that Ms. Pearce did not know, and did not have reason to know that the Defendants had made numerous misrepresentations to her or omitted numerous material facts. (¶¶ 24, 26, 29.) Finally, the complaint alleges that the Defendants knew, or had reason to know, of their misstatements or omissions to Ms. Pearce. (¶¶14-20, 22-24, 28.)

The Plaintiff is not required, as the Defendants now argue, to allege scienter in order to state a claim for violations of the Massachusetts Uniform Securities Act. *Marram*, 2004 Mass. LEXIS 557 at *20. Similarly, although the Defendants argue that the Plaintiff must show that the purchases made for her account were unsuitable, unsuitability, and particularly the sophistication of the Plaintiff, are entirely irrelevant to the analysis of a violation of the Massachusetts Uniform Securities Act. *See Marram*, 2004 Mass. LEXIS 557 at *20-21 (citing *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/American Express Inc.*, 886 F.2d 1249, 1256 (10th Cir. 1989)); *Wright v. National Warranty Co.*, 953 F.2d 256, 262 (6th Cir. 1992).

In summary, the Plaintiff has adequately set forth all the required elements of her claim against the Defendants for violations of the Massachusetts Uniform Securities Act and, therefore, the motion to dismiss this claim must be denied.

An alternate theory of recovery spelled out against the Company and Duchesneau is one under the doctrine of control person liability. Having established in the Complaint that, at the very least, McGettrick is liable as a seller of securities under section 410(a)(2), the Company and Duchesneau are also liable as control persons under section 410(b). Section 410(b) imposes vicarious joint and several liability upon "[e]very person who directly or indirectly controls a seller liable" under section 410(a)(2), including but not limited to "every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale and every broker-dealer or agent who materially aids in the sale." *Id*. As McGettrick's employer (¶72) and a principal of McGettrick's employer (¶3), respectively, the Company and Duchesneau are liable as control persons.

**F.    The Complaint Pleads Fraud With Sufficient Particularity**

In order to state a cause of action for fraud, a plaintiff must show that "the defendant made a false representation of material fact with knowledge of its falsity, that the defendant made the statement for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon that statement to his or her detriment." *Town and Country Fine Jewelry Group, Inc. v. Hirsch*, 875 F. Supp. 872, 876 (D. Mass. 1994). The Complaint more than meets these pleading requirements.

The Complaint sets forth in detail the knowing false representations made by the Defendants, including: misrepresentations related to their expertise and experience (¶ 23); misrepresentations relating to the suitability of the investments they recommended for Ms. Pearce's retirement funds (¶¶ 11, 12); misrepresentations regarding the monitoring services they would provide for Ms. Pearce's retirement funds (¶¶ 10, 26); and misrepresentations and

omissions regarding the fees and commissions Ms. Pearce would incur (¶ 16).  The Complaint further alleges these statements were made to induce Ms. Pearce to transfer her retirement funds to the Defendants' control.  (¶ 10.)  Finally, the Complaint alleges that Ms. Pearce relied on the Defendants' statements that they would provide proper recommendations for her and monitor her funds in deciding to transfer her funds to the Defendants' control.  (¶ 13.)  The Complaint thus sets forth Ms. Pearce's claim for common law fraud in detail.

The Defendants argue that these statements are insufficient because they do not adequately identify the time and place of the statements and further do not establish that the investments made for Ms. Pearce were actually unsuitable for her.  The level of detail the Defendants argue should be required, however, would require the Plaintiff to ignore the mandate that Rule 9(b) of the Federal Rules of Civil Procedure be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim."  *United States ex rel. Franklin v. Parke-Davis*, 147 F. Supp. 2d 39, 46-47 (D. Mass. 2001).  Similarly, such detailed pleadings are unnecessary to meet the goals of the Rule 9(b) pleading requirements: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputation."  *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987).

The allegations in the Complaint are sufficient to meet the goals of Rule 9(b).  They identify that McGettrick made misrepresentations to Ms. Pearce during telephone conversations prior to the transfer of the retirement funds to the Defendants in or about February 2000 (¶¶ 5-12); immediately after Ms. Pearce transferred her funds in February 2000 (¶ 14-21); and that Duchesneau also made misrepresentations when Ms. Pearce called to inquire about the status of

her account in June 2001 (¶¶ 26, 27).  Thus, the time and place of the statements are adequately set forth in the Complaint.  Similarly, the Complaint sets forth the reasons why the stocks purchased for Ms. Pearce were not suitable for her, including the fact that the managed funds were comprised entirely of stocks that were risky and volatile by nature and were comprised mostly of stocks in technology companies and companies with small capitalizations levels, and that these investments exposed Ms. Pearce to risks that were not appropriate.  (¶ 19).  *Alton v. Prudential-Bach Secs., Inc.*, 752 F. Supp. 39 (D. Mass 1990), is easily distinguishable because in that case the only allegations of unsuitability were that the stocks were unsuitable because they declined in value.  *Id.* at 43.  The allegations in the Complaint provide significant additional detail.

Finally, the Defendants argue that the Plaintiff's claim for fraud must fail because the Complaint fails to allege that the Defendants acted with fraudulent intent in that they knew that their representations to Ms. Pearce were false when they were made.  The Complaint, however, does specifically allege that the Defendants "knowingly" made false representations to Ms. Pearce.  (¶ 65).  The cases cited by the Defendants have no application to this case.  The courts in *In re Chipcom Corp. Sec. Litig.*, No. 95-11114-DPW, 1996 U.S. Dist. LEXIS 22257 (D. Mass. Apr. 29, 1996) and *Mill-bern Assocs., Inc. v. Dallas Semiconductor Corp.*, No. 98-1435-D, 2002 Mass. Super. LEXIS 181 (2002) were faced with statements that were merely predictions or puffery and, therefore, both courts held that the statements at issue were not actionable.  In this case, on the other hand, the Complaint alleges that the Defendants made numerous misstatements about the specific nature of the investments and about specific actions that they were going to take on Ms. Pearce's behalf when she transferred her retirement funds to their control.  As such, these misrepresentations are not mere predictions or puffery and are actionable.

G.    **The Complaint Sufficiently States A Claim For Breach Of Fiduciary Duty**

Under Massachusetts law, a fiduciary relationship exists where "a party places special trust and confidence in another who knowingly accepts the responsibility."  *Salois v. Dime Savings Bank of New York*, No. 95-11967-PBS, 1996 U.S. Dist. LEXIS 21901 at *26 (D. Mass. Nov. 13, 1996).  The question of whether a fiduciary relationship exists as a result of a given fact pattern is a question of fact that is not appropriate for determination on a motion to dismiss. *Industrial General Corp. v. Sequoia Pacific Sys. Corp.*, 44 F.3d 40, 44 (1st Cir. 1995).

In any event, the Complaint sufficiently alleges the existence of a fiduciary relationship between the Defendants and Ms. Pearce.  The Complaint establishes that Ms. Pearce was an unsophisticated investor, with limited investment experience and little time to manage her retirement funds.  (¶¶ 7, 9.)  The Complaint also establishes that the Defendants held themselves out to Ms. Pearce as experienced investment advisors that would provide Ms. Pearce with their professional expertise, and would provide constant monitoring and proper investment recommendations.  (¶¶ 6, 10, 12.)  The Complaint further alleges that the Defendants actively encouraged Ms. Pearce to transfer her retirement funds to their control (¶ 11) and that Ms. Pearce relied on the Defendants' statements of investment expertise and their assurances of proper account management in her decision to transfer her retirement funds to their control.  (¶¶ 13, 43.) These allegations are more than sufficient to support a claim for breach of fiduciary duty.

The case law does not support the Defendants' argument that a fiduciary duty can never exist between an investment advisor and a customer.  In fact, the seminal case in Massachusetts, *Patsos v. First Albany Corp.*, 433 Mass. 323 (2001), cited in the Defendants' motion, held that there can be no bright line rule applied to a relationship between a stockbroker and customer, but instead stated that whether or not a fiduciary duty exists depends on the specific facts of the

15

relationship. *Patsos*, 433 Mass. at 331-32. The *Patsos* court went on to state that facts such as the degree of discretion entrusted to the broker and the customer's lack of investment acumen lean in favor of establishing a fiduciary relationship. *Id*. at 333-35.

Moreover, the *Patsos* court held that "[i]f a broker has acted as an investment advisor, and particularly if the customer has almost invariably followed the broker's advice, the fact finder may consider this as evidence that the relationship is discretionary." *Id*. at 334. Here, the Defendants not only held themselves out as investment advisors, but acted in exactly that capacity, taking control of Ms. Pearce's retirement funds, and totally dictating to Ms. Pearce the manner in which the were to be invested, with no input from Ms. Pearce. Thus, a fiduciary relationship did exist between Ms. Pearce and the Defendants, which was subsequently breached. The cases cited in the Defendants' brief are not applicable to this case. *Lefkowitz v. Smith Barney, Harris Upham & Co.*, 804 F.2d 154 (1st Cir. 1986), *Cannistraci v. Dean Witter Reynolds, Inc*., 796 F. Supp. 619 (D. Mass. 1992), and *McIntyre v. Okurowski*, 717 F. Supp. 10 (D. Mass. 1989), all dealt with what the *Patsos* court described as cases involving "simple" broker-customer relationships, and not the full principal and agent relationship that is established in the Complaint. *Patsos*, 433 Mass. at 330.

### H.   The Complaint Pleads A Claim Against Defendant Duchesneau Under The Theory Of *Respondeat Superior*

The key to a claim under the theory of *respondeat superior* is the right to control the conduct of another so as to establish the principal and agent relationship. *See Miller v. Kurkjian*, 9 Mass. L. Rep. 591, 1999 Mass. Super. LEXIS 47 at *6 (1999) (holding that the standard for vicarious liability is the right to control the general activities of an employee); *Chase v. Independent Practice Assoc., Inc*., 31 Mass. App. Ct. 661, 665 (1991). The actual control needed to establish the principal and agent relationship may be very attenuated. *Hohenleitner v. Quorum*

16

*Health Resources, Inc.*, 435 Mass. 424, 431-32 (2001) (citing Restatement (Second) of Agency § 220(1)).

The allegations in the Complaint that Duchesneau was a principle and the president of the Company are more than sufficient to establish his control over the actions of McGettrick and thus establish his liability under the theory of *respondeat superior*. *See Commonwealth v. Employee Staffing of America*, 4 Mass L. Rep. 555, 1994 Mass. Super. LEXIS 54 at *10-11 (1995) (finding that company president was liable for the company employee's action where the employee was acting in the scope of his employment). There is simply no requirement that the Complaint specifically state that Duchesneau was McGettrick's employer. Duchesneau's status as president of the Company is sufficient.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement should be denied in its entirety. In the alternative, if the Court determines that the Plaintiff's Complaint is deficient in any manner, the Plaintiff respectfully requests the opportunity to amend the Complaint.

Respectfully submitted,

DESIREE PEARCE,

By her attorneys,

s/ Sara B. Davis
Matthew J. Tuttle BBO# 562758
Sara B. Davis BBO# 648002
PERKINS SMITH & COHEN LLP
One Beacon Street, 30th Floor
Boston, MA 02108
(617) 854-4000

Dated:  October 15, 2004

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by U.S. Mail postage pre-paid on October 15, 2004.

s/ Sara B. Davis

Sara B. Davis
