UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DESIREE PEARCE,                     )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )   Civil Action No. 04 11409 NG
                                    )
THE DUCHESNEAU GROUP, INC.,         )
DAVID MICHAEL DUCHESNEAU,           )
and BRANT P. MCGETTRICK,            )
                                    )
         Defendants.                )
_____)

**PLAINTIFF'S SURREPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION
FOR A MORE DEFINITE STATEMENT**

The Plaintiff, Desiree Pearce, hereby submits this memorandum of law in further Opposition to the Defendants' Motion to Dismiss, or in the Alternative Motion for a More Definite Statement ("Motion to Dismiss"). Ms. Pearce again asserts that the Defendants' Motion to Dismiss should be denied as Ms. Pearce's Complaint sets forth valid and well-pleaded claims for relief.

The primary theme of both the Respondents' Motion to Dismiss and subsequent Reply Memorandum of Law ("Reply Brief") is that Ms. Pearce must be required to plead her case with significantly more detail than that already included in the Complaint. To get around the constraints of Rule 8(a) of the Federal Rules of Civil Procedure, requiring only a "short and plain statement of the claim," the Defendants attempt to recast Ms. Pearce's claims into something they are not and to create new pleading requirements where they do not exist. The Defendants also

attempt to modify the motion to dismiss standard, asking the Court to order Ms. Pearce to essentially prove elements of her case in her Complaint.

I.  **Ms. Pearce Is Not Required To Plead Her Breach Of Contract Claim With Greater Specificity Or Detail**

In their Reply Brief, the Defendants repeat their assertion that Ms. Pearce must state in the Complaint whether the contract at issue is written or oral. The Defendants, however, are unable to cite to a single case interpreting Massachusetts law to require such detail. The reason for this failure is clearly due to the fact that no such requirement exists. Under Massachusetts law, a plaintiff is required only to allege that there was "a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." *Sivieri v. Commonwealth*, 16 Mass. L. Rep. 531, 2003 Mass. Super. Lexis 201, *17 (2003). Ms. Pearce has met this burden.

The cases cited by the Defendants do not address Massachusetts law and cannot be read to impose any additional pleading obligation on Ms. Pearce. In the cases cited by the Defendants, the issue of whether a contract was written or oral was vital to the plaintiffs' claim, and, without such information, the defendants were unable to frame an answer or assert affirmative defenses. *See Cherry Creek Woodcraft, Inc. v. Plum Creek Man., Inc.*, No. 94-CV-0601E(H), 1995 U.S. Dist. Lexis 10123, *5 (W.D.N.Y. July 17, 1995) (dismissing claim for breach of a "requirements" contract that, pursuant to statute, had to be in writing); *Precise-Marketing Corp. v. Simpson Paper Co.*, No. 95-5629 (LMM), 1996 U.S. Dist. LEXIS 7337, *4-5 (S.D.N.Y. May 17, 1996) (granting motion for a more definite statement because without knowing whether the contract was written or oral the defendant was unable to plead affirmative defenses); *Latch Spring, Inc. v. Rouse Co.*, No. 76-1502, 1977 U.S. Dist. LEXIS 18086, *5 (D.D.C. Jan. 4, 1977) (granting defendant's motion for a more definite statement, not because the

2

complaint failed to set forth whether the alleged contract was written or oral but because of an internal inconsistency that rendered the complaint so ambiguous that it would have been impossible for the defendant to frame a responsive pleading).

Here, the Defendants have failed to articulate a single reason why Ms. Pearce must be required to provide additional detail to her breach of contract claim, now, before any discovery has been conducted. They have not pointed to any affirmative defenses that hinge on whether the contract at issue was written or oral, nor have they set forth any other reason why additional detail is necessary. Because the Complaint already sets forth Ms. Pearce's breach of contract claim in detail, including the element of consideration, the Defendants' motion to dismiss the contract claim must be rejected.

## II.     Ms. Pearce's Claim For Violations Of The Massachusetts Uniform Securities Act Is Not Subject To The Heightened Pleading Requirements Of Rule 9(b)

The Defendants' Motion to Dismiss improperly tries to attach additional pleading requirements to Ms. Pearce's claim for violations of the Massachusetts Uniform Securities Act by trying to recast the claim into one for fraud, which it is not. Through all of their briefs, the Defendants are unable to cite a single case that would extend the Rule 9(b) pleading requirements to a claim brought under the Massachusetts Uniform Securities Act or similar acts adopted in other states. The Defendants' only discussion of the law takes language out of context from the cases cited by Ms. Pearce and attempts to craft a general rule of pleading in their favor. These cases, however, clearly demonstrate that courts in the First Circuit are unwilling to extend the heightened pleading requirements to claims other than those for traditional fraud. Far from elevating the pleading standards for non-fraud cases, the holdings in *Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8 (D.P.R. 2000) and

*Giarraputo v. UnumProvident Corp.*, No. 99-301-P-C, 2000 U.S. Dist. LEXIS 19138 (D. Me. Nov. 8, 2000) focused more on claims based on actual fraud.

*Generadora*, for example, addressed only the concept of "dolo," a unique concept in Puerto Rico that is an umbrella for a number of different types of actions, including fraud. The *Generadora* court held that the heightened pleading requirements could be extended to dolo claims only where the plaintiff's dolo claim was actually a claim for fraud. 92 F. Supp. 2d at 20. Similarly, the *Giarraputo* court specifically noted that the heightened pleading requirements would be extended to other claims only in the most exceptional circumstances. 2000 U.S. Dist. LEXIS 19138 at *35-36.

Here, Ms. Pearce's claim for violations of the Massachusetts Uniform Securities Act is not the same as her claim for fraud. Indeed, the elements of the two claims are not identical, nor is Ms. Pearce required to allege scienter as part of her claim under the Securities Act. *Marram v. Kobrick Offshore Fund, Ltd.*, No. SJC-0961, 2004 Mass. LEXIS 557 at *20 (Feb. 3, 2004). Ms. Pearce has alleged a number of separate and distinct claims in her Complaint, including a claim for breach of contract, a claim for breach of the Massachusetts Consumer Protection Act and a claim for breach of the Massachusetts Uniform Securities Act. Simply because the Complaint contains certain factual allegations sufficient to support a claim for fraud does not mean that all of the other claims in the Complaint must meet the heightened standards of Rule 9(b). The Defendants cannot impose additional pleading requirements to Ms. Pearce's state securities act claim merely because the Complaint contains factual allegations sufficient to support a common law fraud claim. To do so would be inconsistent with the general rule in favor of allowing plaintiffs to plead alternative theories and multiple claims in a single complaint.

**III.     Ms. Pearce Pleads Her Fraud Claim With Sufficient Particularity**

In their Reply Brief, the Defendants repeat their mantra that Ms. Pearce must plead the when, where, and how of the Defendants' misrepresentations in order to properly state her claim for fraud.  The Defendants put forth this argument without a single mention of the allegations in the Complaint that actually do provide this information.  (*See* ¶¶ 5-12, 14-21, 26, 27.)  Instead, the Defendants merely repeat their citations from *Alton v. Prudential-Bach Sec. Inc.*, 753 F. Supp. 39, 42-43 (D. Mass. 1990) that a complaint "give the time, place, and contents of alleged misrepresentation," which Ms. Pearce has clearly done in her Complaint.

Moreover, the Defendants have ignored a pertinent discussion in *Alton* regarding the reasons for the heightened pleading requirements: "(1) to place the defendant on notice and enable her 'to prepare a meaningful defense to fraud; (2) to prevent the use of conclusory allegations of fraud as a basis for strike suits and fishing expeditions; and (3) to protect defendants from groundless charges which tend to damage their reputation.'" *Id.* (citations omitted).  The Complaint meets these goals.

The Complaint also adequately alleges that the Defendants knew that the alleged misrepresentations were false at the time they were made.  (¶ 65.)  Although knowledge by the Defendants of the falsity of their representations to Ms. Pearce may be averred generally, Fed. R. Civ. P. 9(b), the Complaint provides additional allegations to show that the Defendants knew that their statements to Ms. Pearce were false and misleading.  These allegations include: (1) that they knew that once Ms. Pearce's funds were invested in a managed account they would no longer be involved in choosing Ms. Pearce's investments (¶¶ 14, 18); (2) that they knew that the managed accounts, comprised mostly of technology companies and companies with small capitalization levels, were not consistent with Ms. Pearce's stated desire for conservative

investments (¶ 19); and that they knew that McGettrick was not the experienced investment advisor he represented himself to be (¶ 23). These are sufficient allegations of the Defendants' knowledge of their misrepresentations, even under *Burstein v. Applied Extrusion Tech. Inc.*, 150 F.R.D. 433, 443 (D. Mass. 1993), cited by the Defendants.

### IV. The Complaint Alleges The Existence Of A Fiduciary Relationship Between Ms. Pearce And The Defendants

The section of the Reply Brief addressing breach of fiduciary duty again highlights the Defendants' misunderstanding of the motion to dismiss standard. At this stage, Ms. Pearce is not required to *prove* the existence of a fiduciary relationship, but must only allege in good faith that one exists. The allegations in the Complaint do just that. Contrary to the Defendants' argument, the Complaint goes well beyond merely alleging that Ms. Pearce had little investment experience to set forth a list of facts that establish the fiduciary duty owed by the Defendants. The Complaint alleges that Ms. Pearce was an unsophisticated investor (¶¶ 7, 9), that the Defendants held themselves out as experienced investment advisors (¶ 6), that the Defendants told Ms. Pearce they would choose the investments for her assets using their experience and expertise (¶ 10), that the Defendants invested Ms. Pearce in managed funds, which they promised to monitor (¶¶ 10, 11, 12), that Ms. Pearce made no decisions regarding the investments in her account after her funds were invested in the managed funds, which the Defendants were to monitor (¶ 18), and that Ms. Pearce relied on the Defendants' statements about the recommendations, monitoring and advice they would provide (¶¶ 13, 43). These allegations are more than sufficient to set forth a relationship between Ms. Pearce and the Defendants that well exceeds a simple broker-customer relationship and which created a fiduciary relationship with the Defendants.

### V.     As President And Owner Of The Duchesneau Group, Defendant Duchesneau Is Liable Under The Theory Of Respondeat Superior

The doctrine of *respondeat superior* holds a principal responsible for the actions of his agent. *Lucas v. Leary*, 13 Mass. L. Rep. 54, 2001 Mass. Super. LEXIS 114 (2001); *Worcester Ins. Co. v. Fells Acres Day School, Inc.*, 408 Mass. 393, 404, 558 N.E.2d 958 (1990). The allegations in the Complaint that Defendant Duchesneau was a principal and the president of the Duchesneau Group establish the principal and agent relationship between Defendant Duchesneau and Defendant McGettrick, and Defendant Duchesneau's control over Defendant McGettrick.

The cases cited by the Defendants to support their argument that the Complaint must allege direct participation by Defendant Duchesneau in the wrongdoing of his agent, Defendant McGettrick, provide no guidance in this case. Each of those cases involved claims for direct liability against officers and directors of a defendant company, and none of the cases addresses claims under the theory of *respondeat superior*. See *Buck v. Clauson's Inn at Coonamessett, Inc.*, 349 Mass. 612, 614-615, 211 N.E.2d 349 (1965) (president of defendant country club sued for negligence as a direct tortfeasor for causing injury to plaintiff); *Burnham v. Beverly Airways, Inc.*, 311 Mass. 628, 42 N.E. 2d 575 (1942) (theory of *respondeat superior* not raised in case against president and treasurer of airport seeking to enjoin nuisance and trespass); *Tibbetts v. Wentworth*, 248 Mass. 468, 472-73, 143 N.E. 349 (1924) (theory of *respondent superior* not raised in case against president, treasurer and general manager of company where negligence claims were dismissed because president, treasurer and general manager were not the principals); *Lyon v. Morphew*, 424 Mass. 828, 833, 678 N.E.2d 1306 (1997) (addressing an issue directly opposite to a claim for *respondeat superior* -- negligence claims against employees for torts committed by employer).

7

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss, or in the Alternative Motion for a More Definite Statement should be denied in its entirety. In the alternative, if the Court determines that the Plaintiff's Complaint is deficient in any manner, the Plaintiff respectfully requests the opportunity to amend the Complaint.

                                      Respectfully submitted,

                                      DESIREE PEARCE,

                                      By her attorneys,

                                      /s/ Sara B. Davis
                                    Matthew J. Tuttle BBO# 562758
                                    mtuttle@pscboston.com
                                    Sara B. Davis BBO# 648002
                                    sdavis@pscboston.com
                                    PERKINS SMITH & COHEN LLP
                                    One Beacon Street, 30th Floor
                                    Boston, MA 02108
                                    (617) 854-4000

Dated: November 30, 2004