# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESIREE PEARCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 04-11409-NG |
| ) | |
| THE DUCHESNEAU GROUP INC, ) | |
| n/k/a ARGENT WEALTH ) | |
| MANAGEMENT INC., DAVID ) | |
| MICHAEL DUCHESNEAU, and ) | |
| BRANT P. MCGETTRICK, ) | |
| ) | |
| Defendants/Third Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SALOMON SMITH BARNEY, INC. ) | |
| ) | |
| Third Party Defendant. ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT OF DEFENDANTS THE DUCHESNEAU GROUP INC. N/K/A ARGENT WEALTH MANAGEMENT INC., DAVID MICHAEL DUCHESNEAU, AND BRANT MCGETTRICK**

The Duchesneau Group Inc. n/k/a Argent Wealth Management, Inc. (the "Duchesneau Group"), David M. Duchesneau ("Mr. Duchesneau"), and Brant McGettrick ("Mr. McGettrick") (collectively the "Duchesneau Defendants") file this Answer, Affirmative Defenses and Third-Party Complaint in response to the First Amended Complaint (the "Complaint").

To the extent the allegations in the introductory paragraph consist of Plaintiff's legal conclusions and characterizations of the Complaint, no response is required.

1. The Duchesneau Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 1.

2. The Duchesneau Defendants admit that the Duchesneau Group Inc., which is now known as Argent Wealth Management Inc., is a corporation with a principal place of business at 13 Riverside Road, Weston, Massachusetts.

3. The Duchesneau Defendants admit the allegations contained in Paragraph 3.

4. The Duchesneau Defendants deny that McGettrick was an unregistered investment advisor and admit the remaining allegations contained in Paragraph 4.

5. The Duchesneau Defendants deny the allegations contained in Paragraph 5.

6. The Duchesneau Defendants admit that Ms. Pearce's first contact with the Company was through McGettrick and deny the remaining allegations contained in Paragraph 6.

7. The Duchesneau Defendants deny the allegations contained in Paragraph 7.

8. The Duchesneau Defendants admit that Ms. Pearce informed McGettrick that she was in her early fifties and deny the remaining allegations contained in Paragraph 8.

9. The Duchesneau Defendants deny the allegations contained in Paragraph 9.

10. The Duchesneau Defendants deny the allegations contained in Paragraph 10.

11. The Duchesneau Defendants deny the allegations contained in Paragraph 11.

12. The Duchesneau Defendants deny the allegations contained in Paragraph 12.

13. The Duchesneau Defendants deny the allegations contained in Paragraph 13.

14. The Duchesneau Defendants deny the allegations contained in Paragraph 14.

15. The Duchesneau Defendants deny the allegations contained in Paragraph 15.

16. The Duchesneau Defendants deny the allegations contained in Paragraph 16.

17. The Duchesneau Defendants deny the allegations contained in Paragraph 17.

18. The Duchesneau Defendants deny the allegations contained in Paragraph 18.

19. The Duchesneau Defendants deny the allegations contained in Paragraph 19.

20. The Duchesneau Defendants deny the allegations contained in Paragraph 20.

21. The Duchesneau Defendants deny the allegations contained in Paragraph 21.

22. The Duchesneau Defendants deny the allegations contained in Paragraph 22.

23. The Duchesneau Defendants deny the allegations contained in Paragraph 23.

24. The Duchesneau Defendants deny the allegations contained in Paragraph 24.

25. The Duchesneau Defendants deny the allegations contained in Paragraph 25.

26. The Duchesneau Defendants admit that in or about June 2001, Ms. Pearce contacted the Company to discuss the losses she had incurred and that Ms. Pearce spoke with the Company's president, Defendant David Duchesneau. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 26.

27. The Duchesneau Defendants deny the allegations contained in Paragraph 27.

28. To the extent the allegations in Paragraph 28 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 28.

29. The Duchesneau Defendants deny the allegations contained in Paragraph 29.

30. The Duchesneau Defendants deny the allegations contained in Paragraph 30.

## COUNT I

### BREACH OF CONTRACT
(against the Company, Duchesneau and McGettrick)

31. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 30.

32. To the extent the allegations in Paragraph 32 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 32.

33. The Duchesneau Defendants deny the allegations contained in Paragraph 33.

34. The Duchesneau Defendants deny the allegations contained in Paragraph 34.

## COUNT II

BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
(against the Company, Duchesneau and McGettrick)

35. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 34.

36. The allegations in paragraph 36 consist of Plaintiff's legal conclusions, thus no response is required.

37. To the extent the allegations in Paragraph 37 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 37.

38. To the extent the allegations in Paragraph 38 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 38.

39. The Duchesneau Defendants deny the allegations contained in Paragraph 39.

## COUNT III

BREACH OF COVENANT OF FIDUCIARY DUTY
(against the Company, Duchesneau and McGettrick)

40. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 39.

41. To the extent the allegations in Paragraph 41 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 41.

42. The Duchesneau Defendants deny the allegations contained in Paragraph 42.

43. The Duchesneau Defendants deny the allegations contained in Paragraph 43.

44. The Duchesneau Defendants deny the allegations contained in Paragraph 44.

45. To the extent the allegations in Paragraph 45 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 45.

46. The Duchesneau Defendants deny the allegations contained in Paragraph 46.

47. To the extent the allegations in Paragraph 47 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 47.

48. The Duchesneau Defendants deny the allegations contained in Paragraph 48.

## COUNT IV

VIOLATION OF CHAPTER 93A OF THE MASSACHUSETTS GENERAL LAWS
(against the Company, Duchesneau and McGettrick)

49. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 48.

50. The allegations in paragraph 50 consist of Plaintiff's legal conclusions, thus no response is required.

51. To the extent the allegations in Paragraph 51 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 51.

52. To the extent the allegations in Paragraph 52 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 52.

53. The Duchesneau Defendants state that <u>Exhibit A</u> of the Complaint speaks for itself.

54. The Duchesneau Defendants admit the allegations contained in Paragraph 54.

55. The Duchesneau Defendants deny the allegations contained in Paragraph 55.

## **COUNT V**

### MASSACHUSETTS BLUE SKY LAWS
(against the Company, Duchesneau and McGettrick)

56. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 55.

57. The allegations in paragraph 57 consist of Plaintiff's legal conclusions, thus no response is required.

58. The Duchesneau Defendants deny the allegations contained in Paragraph 58.

59. The Duchesneau Defendants deny the allegations contained in Paragraph 59.

60. To the extent the allegations in Paragraph 60 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 60.

61. To the extent the allegations in Paragraph 61 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 61.

62. The Duchesneau Defendants deny the allegations contained in Paragraph 62.

## COUNT VI

FRAUD
(against the Company, Duchesneau and McGettrick)

63. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 62.

64. The Duchesneau Defendants deny the allegations contained in Paragraph 64.

65. The Duchesneau Defendants deny the allegations contained in Paragraph 65.

66. The Duchesneau Defendants deny the allegations contained in Paragraph 66.

67. The Duchesneau Defendants deny the allegations contained in Paragraph 67.

68. The Duchesneau Defendants deny the allegations contained in Paragraph 68.

69. The Duchesneau Defendants deny the allegations contained in Paragraph 69.

## COUNT VII

CONTROL PERSON LIABILITY
(against the Company and Duchesneau)

70. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 69.

71. The allegations in paragraph 71 consist of Plaintiff's legal conclusions, thus no response is required.

72. The allegations in paragraph 72 consist of Plaintiff's legal conclusions, thus no response is required.

73. The Duchesneau Defendants admit the allegations contained in Paragraph 73.

74. To the extent the allegations in Paragraph 74 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 74.

**COUNT VIII**

RESPONDEAT SUPERIOR
(against the Company and Duchesneau)

75. The Duchesneau Defendants reallege and incorporate by reference the answers contained in Paragraphs 1 through 74.

76. The Duchesneau Defendants admit the allegations contained in Paragraph 76.

77. To the extent the allegations in Paragraph 77 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 77.

78. To the extent the allegations in Paragraph 78 consist of Plaintiff's legal conclusions, no response is required. The Duchesneau Defendants deny the remaining allegations contained in Paragraph 78.

Further responding to the Complaint, the Duchesneau Defendants deny all allegations in the Complaint not specifically admitted or otherwise denied herein and deny that Plaintiff is, or that anyone else is, entitled to the relief demanded in the Complaint or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's loss, if any, was not caused by anything that the Duchesneau Defendants did or failed to do.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of consent, waiver, estoppel, avoidable consequences, and ratified actions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate her damages and to take reasonable steps to avoid the consequences of the acts and omissions complained of in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The alleged losses complained of in the Complaint have already been restored to Plaintiff, at least in substantial part.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Mass. Gen. Laws ch. 93A does not allow for the recovery of multiple damages in cases involving securities.

## TENTH AFFIRMATIVE DEFENSE

The Duchesneau Defendants reserve the right to supplement this Answer with other defenses as discovery progresses in this case.

## THIRD PARTY CLAIM AGAINST SALOMON SMITH BARNEY, INC.

(INDEMNIFICATION AND/OR CONTRIBUTION)

1.      Third Party Defendant Salomon Smith Barney, Inc. ("Smith Barney") is a registered broker-dealer and member firm of the National Association of Securities Dealers, Inc. ("NASD").  At all relevant times, Smith Barney maintained at least one office in Boston, Massachusetts.

2.      Plaintiff invested in the securities at issue through Smith Barney and its registered representative, Steven Hiorns.

3.      As a member of the NASD and pursuant to NASD rules and regulations, Smith Barney had an obligation to "know their customer," in this case Plaintiff, and to recommend suitable securities to Plaintiff.

4.      The Duchesneau Defendants deny that any of the securities at issue were unsuitable for Plaintiff given what she stated her investment objectives and financial circumstances were at the time.  However, to the extent that any of the Duchesneau Defendants are found liable to Plaintiff under the Massachusetts Blue Sky Laws, they are entitled to indemnification and/or contribution from Smith Barney.

WHEREFORE, the Duchesneau Defendants respectfully request that the Court:

1. Dismiss the Complaint with prejudice;

2. Grant the Duchesneau Defendants contribution and/or indemnification from Smith Barney; and,

3. Grant the Duchesneau Defendants such other relief as may be equitable, just and proper.

Respectfully submitted this 22nd day of November, 2005.


/s/ Derek C. Anderson_____

Pete S. Michaels
psm@michaelsward.com
Deborah Gale Evans
dge@michaelsward.com
Derek C. Anderson
dca@michaelsward.com
MICHAELS & WARD, LLP
One Liberty Square
Boston, Massachusetts  02109
(617) 350-4040
Fax:  (617) 350-4050

## CERTIFICATION

I hereby certify that on the 22nd day of November, 2005 a copy of the foregoing *Answer, Affirmative Defenses and Third-Party Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Derek C. Anderson_____